# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

KEVIN LEE BURNS,

V.                                                          CASE NO.: _____

STATE OF FLORIDA,                                (TO BE ASSIGNED)

8:15 CV 852 T 35 EAJ

## PETITION FOR WRIT OF ERROR CORAM NOBIS

Petitioner, KEVIN LEE BURNS pro-se, would respectfully submit this writ of Error Coram Nobis pursuant to _United States v. peter, 310 f.3d 709, 716 (11th cir. 2001)._

## PROCEDURAL HISTORY

On May 22, 2001, Mr. Burns was arrested for each of the following juvenile cases.     0101267DLAES, 0101268DLAES, 0101269DLAES, 0101270DLAES, 0101271DLAES, 0101276DLAES, 0101277DLAES.

On May 23, 2001 Mr. Burns appeared before judge m. Swanson for a detention hearing. At this hearing Mr. Burns was found to be solvent and denied counsel while at this time Mr. Burns at the age of 17 years old was being raised by his 86 year old father Davy Lewis Burns who as a single parent was raising Mr. burns only on the support of a social security check. At this hearing seven juvenile complaints *see exhibit (1)* were presented, probable cause was found and a detention order, ordering Mr. Burns to be held in secured detention at judge's discretion was filed.

On June 28, 2001, Detective Greiner filed a affidavit of probable cause witness affidavit. **See exhibit (2)**

On June 29, 2001 the assistant state attorney Mr. Phillip O. Van Allen filed (7) seven felony information's on each of the above listed juvenile cases.

On July 03, 2001, judge m. Swanson opened by direct file each of the above listed juvenile cases for criminal prosecution.

| Juvenile court case number | criminal court case numbers |
| --- | --- |
| 0101267DLAES | CRCO102628CFAES |
| 0101268DLAES | CRCO102634CFAES |
| 0101269DLAES | CRCO102635CFAES |
| 0101270DLAES | CRCO102633CFAES |
| 0101271DLAES | CRCO102631CFAES |
| 0101276DLAES | CRCO102636CFAES |
| 0101277DLAES | CRCO102632CFAES |

On December 14, 2001, Mr. Burns was sentenced as a youthful offender to (6) six years in F.D.O.C., suspended and placed on (6) six years of probation.

On February 8, 2008, Mr. Burns was sentenced to (6) six years in F.D.O.C for a technical violation of probation.

On June 18, 2009, the Second D.C.A. files an acknowledgement of new case for a belated appeal. Case number 2d09-2855.

On September 8, 2009, the Second D.C.A. granted the petition for a belated appeal.

On October 5, 2009, the clerk of the sixth judicial circuit was ordered to treat the belated appeal as a notice of appeal. Case number 2d09-4662.

On January 12, 2011, the second D.C.A. filed a mandate reversing and remanding Mr. Burns' case.

On June 03, 2011, Mr. Burns on the advice of counsel filed a motion to withdraw from the Sheppard's hearing.

On October 11, 2011, Mr. Burns filed a motion for extraordinary relief.

On November 03, 2011, judge S. Gardner filed an order denying the motion for extraordinary relief.

On January 18, 2012, Mr. Burns appealed the order denying the motion for extraordinary relief.

On March 13, 2012, the Second D.C.A. filed a mandate reversing and remanding the denial of the motion for extraordinary relief. Case number 2d12-2845.

On April 05, 2013, Mr. Burns appealed the mandate with the Florida Supreme Court. Case number sc13-664

On May 08, 2012, Mr. Burns filed a motion for appointment of counsel due to his inability to file a jurisdictional brief.

On October 03, 2013 the Florida Supreme court filed an order denying Mr. Burns counsel and ordering that a jurisdictional brief with appendix be filed by November 04, 2013.

## ADDITIONAL INFORMATION

From March 2013 till present Mr. Burns has been involuntarily committed for mental health issues over 14 times and 3 petitions for state hospital commitment have been filed against him as well Mr. Burns has been indigent and homeless the entire time since his release from the F.D.O.C. on April 1, 2012. Additionally Mr. Burns is currently filing this motion while for the second time in a month he is

being held at a crisis stabilization unit. Therefore clearly establishing a need for assistance by counsel.

## STATEMENT OF NEWLY DISCOVERED EVIDENCE

In September of 2009 Mr. Burns wrote the P.C.S.O. and requested to be sent all records to any 911 calls made from Mr. Burnss residence back in 2001. In the records that Mr. Burns received there was a "CAD CALL information" sheet. **See exhibit (3)** from a "suicide threat call response", which had occurred on May 19, 2001. Once Mr. Burns reviewed this CAD CALL information sheet he noticed a section labeled "DISPOSITIONS", which listed (3) three unlabeled reports. Mr. Burns wrote back to the P.C.S.O. requesting a copy of these (3) three unlabeled reports and on October 21, 2009, the P.C.S.O. printed and mailed Mr. Burns the following:

1"Baker act" police report. **See exhibit (4)**

2"Narcotics violation" police report. **See exhibit (5)**

3"Detective Greiner's supplement report. **See exhibit (6)**

4"Property receipt". **See exhibit (7)**

5"writer confession". **See exhibit(8)**

## STATEMENT OF NEWLY DISCOVERED EVIDENCE CLAIM

The above listed May 19, 2001 police investigation documents, were unknown to Mr. Burns (Mr. Burns was a mentally ill juvenile that was **NOT** represented by counsel during any of his juvenile proceedings) and these documents could not have been ascertained though the exercise of due diligence in so far as the state did not produce the documents pursuant to *Fla.R.Juv.P.Rule 8.060(A)(3)* nor did the state produce the above listed discovery documents in criminal proceedings. All of the above listed documents are burglary investigation reports to the above listed burglary charges but the burglary investigation report were labeled as a May 19,2001 narcotics charge which the states, **See exhibit (9)** and juvenile justice department, **See exhibit (10)** both certified that the May 19, 2001

narcotics violation does not exist. Also there was a May 19,2001 written confession which was never mentioned anywhere in Mr. Burns case file only the taped confession was entered into the case file even though they were both entered into the police evidence safe at the same time **(see exhibit 7)**. Even more so detective Greiner clearly mislead the courts of the true events at the start of the cases by stating in his May 22, 2001 juvenile complaint *see exhibit (1)* that: "In a post Miranda interview while in custody on another charge, Mr. Burns confessed to committing several burglaries. He voluntarily led me (detective Greiner) to listed location..." Then Detective Greiner states in his June 28, 2001 witness affidavit *see exhibit(2)* that...your affiant detective Greiner "had occasion to become involved in the investigation of burglaries of a dwelling, grand theft and six petit thefts, which occurred on or between April 21, 2001 and April 30, 2001. Your affiant had occasion to come in contact with the defendant Kevin Lee Burns on an **unrelated matter**. During the course of coming into contact with the defendant, the defendant advised your affiant that he wanted to come clean and confessed to all these burglaries that he had committed." But detective Greiner never mentions the search and seizure at the residence nor the property that was recovered from the residence on May 19,2001 in his June 28, 2001 witness affidavit. Therefore leaving no possible way to discover this key information. Thus the above listed police investigation documents, do constitute newly discovered evidence. *Jones v. state, 709 so.2d 512-22 (Fla.) cert. den.; 523 u.s. 1040 118 s.ct. 1350, 140 l.ed. 2 d 499 (1998).* And the state's withholding of the above listed exculpatory and impeachment evidence whether willful or inadvertent does violate the U.S. Supreme Court's holding in *Brady v. Maryland, 373 u.s. 83, 83 s.ct. 1194, 101 l.ed. 2d 215 (1963); See also Strickler v. Greene, 527 u.s. 263, 119 s.ct.1936,144l.ed.2d286(1999).* Mr. Burns could not bring to the court's attention the lack of subject matter jurisdiction in original court proceedings until he discovered the May 19, 2001 police investigation reports in October 2009 and based on the case facts that are established by the presents of this discovery information, it is clear that the juvenile court proceedings were prejudiced by the State's failure to disclose these police investigation reports, because had the state disclosed the May 19, 2001 police reports, the juvenile courts would have been obligated by law to dismiss all charges based on the

information presented within these reports and therefore not allowing the state to illegal request transfer of the above listed cases to adult court were basically the state picked up the charges on Mr. burns using the May 19, 2001 illegally obtained taped confession as the victim since there was not a reported crime prior to Mr Burnss confession which it was only made present that the confession was illegal by the burglary investigation report which was hidden from the case facts in order to obtain a wrongful conviction against a mentality ill juvenile.

## **_FUNDAMENTAL ERROR_**

1) Mr Burns was denied legal representation thru out all juvenile proceedings while facing serious criminal charges.
2) Over _18_ pages of discovery evidence was withheld from the case file.
3) NOT ONE of the above listed crimes was reported prior to Mr. Burnss illegally obtained confession on May 19, 2001.
4) Mr Burns was charged with burglary of an unoccupied dwelling at the address of 5328 war admiral dr Wesley chapel. But the Pasco county tax collector's office **_see exhibit(11)_** has this house listed that it was not even built till 2002, the year after he was convicted even though Mr burns was charged with burglary of an dwelling for a home that was not built yet. And it cannot be said that some of the other addresses were also not even dwellings yet.

## **_CONCLUSION_**

With the presents of the above listed newly discovered evidence it is clear that the juvenile court failed to invoke legally sufficient subject matter jurisdiction in the above listed juvenile cases, due to the fact that Mr. burns was not alleged to have committed a violation of law prior to flagrant police misconduct and several constitutional violations during the May 19, 2001 suicide threat call response. This can only be presented with the presents of the newly discovered evidence. _Florida statutes 985.201(1)(2001)_ provides that " [t]he circuit court has exclusive original jurisdiction of proceedings in which a child is ALLEGED to have committed delinquent act or violation of law", and jurisdiction of the juvenile court is limited to that mandate by statute. There was not one reported crime prior to Mr. Burnss

illegally obtained confession while in police custody for a baker act thus there could not be a legally alleged violation of law based on the illegally obtained confession. The court never retained legal subject matter jurisdiction over the above listed juvenile cases. Therefore the May 23, 2001 juvenile detention order is void and illegal along with ever action afterwards.

WHEREFORE, Mr. Burns request that the court GRANT all relief to which Mr. Burns may be entitled to, including but not limited to, the courts vacating the above listed charges and/or such other and further relief as the courts deem just and proper.

4/8/2015
DATE

KEVIN LEE BURNS

# Exhibit list

Exhibit (1) "Juvenile Complaint"    page (1 thur 8)

Exhibit (2) "Det Griner's Probable Cause witness Affidavit"    page (9 thur 13)

Exhibit (3) "Suicide Threat Call Response"    page (14 thur 17)

Exhibit (4) "Baker Act Police Report"    page (18 thur 22)

Exhibit (5) "Narcotics Violation Police Report"    page (23 thur 29)

Exhibit (6) "Det Griner's Supplyment Report"    page (30 thur 33)

Exhibit (7) "Property Receipt"    page (34 thur 35)

Exhibit (8) "Written Confession"    page (36 thur 37)

Exhibit (9) "States Charges Sheet"    page (38 thur 39)

Exhibit (10) "Youth Information Sheet"    page (40 thur 45)

Exhibit (11) "Tax Collector's Printout"    page (46 thur 47)